UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERL MERRIWEATHER,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON THERAPEUTICS USA INC.,<br><br>Defendant. | No. 23 C 2714<br><br>Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

On October 28, 2024, the Court dismissed Cherl Merriweather's claims against Horizon Therapeutics USA Inc. ("Horizon"). The Clerk of Court taxed costs, and Merriweather filed a motion for judicial review with objections to those costs. R. 32, 33. For the following reasons, the objections are overruled, but the Court, in its discretion, reduces costs to $6,986.47.

## Background

Merriweather's case was part of the *In Re: Tepezza Marketing, Sales Practices, and Products Liability* multidistrict litigation ("MDL"). Horizon selected Merriweather's case as a bellwether discovery case on May 30, 2024. CR. 153.[1] Two months later, in mid-July 2024, Horizon moved to dismiss Merriweather's case on choice-of-law grounds and moved to dismiss her design defect claims as insufficiently pled. CR. 180, 186. Those motions became fully briefed at the end of September 2024.

---

[1] The Court cites filings in Case No. 23-cv-02714 as "R. [filing number]" and filings in Case No. 23-cv-03568 as "CR. [filing number]."

1

CR. 215, 217. Between September 23, 2024 and October 24, 2024, Horizon deposed three of Merriweather's treating physicians. A few days after the last deposition, on October 28, 2024, the Court granted the motion to dismiss on choice-of-law grounds and denied the other motion to dismiss as moot. R. 25, 26.

Horizon filed a bill of costs, and Merriweather filed objections on December 6, 2024. R. 28, 29. The Court denied the objections without prejudice because the Clerk of Court had not yet taxed costs. CR. 332 at pp. 5–6. The Clerk subsequently taxed costs in the amount of $7,808.97 against Merriweather. R. 32. Eight days later, Merriweather filed the present motion.[2] R. 33.

## Legal Standard

There is a presumption that a prevailing party recovers costs under Federal Rule of Civil Procedure 54(d)(1), but that presumption only applies to those costs that are enumerated in 28 U.S.C. § 1920. *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022). Under 28 U.S.C. § 1920, recoverable costs include (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) witness fees and expenses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation for court-appointed experts and interpreters. However, even if authorized by statute, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am.*, 514 F.3d 699, 702 (7th Cir. 2008).

---

[2] Horizon urges the Court to deny Merriweather's motion outright because it was filed one day late. *See* Fed. R. Civ. P. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action [taxing costs]."). The Court declines to do so.

2

Thus, determining whether costs are appropriately taxed to the losing party involves two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). The prevailing party has the burden of showing that the requested costs were necessarily incurred and reasonable. *Trs. of Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If the prevailing party satisfies this burden, the losing party bears the burden of showing that the costs are inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

## Discussion

As an initial matter, Merriweather argues that the Court should not award costs because Horizon did not submit a memorandum setting forth the grounds and authorities supporting the taxation of costs as required by Rule 54(d)(2) and 28 U.S.C. § 1984. But Rule 54(d)(2) applies solely to claims for "attorney's fees and related nontaxable expenses." Fed. R. Civ. P. 54(d)(2). None of the costs at issue are attorney's fees or related nontaxable expenses, so Rule 54(d)(2) does not apply. Further, 28 U.S.C. § 1984 does not exist. Insofar as Merriweather intended to refer to the requirement in 28 U.S.C. § 1924 that a bill of costs be verified by affidavit, Horizon did so. *See* R. 28 (declaring under penalty of perjury that costs were correct and necessarily incurred and that services for which fees were charged were actually and necessarily performed).

3

Merriweather also challenges the taxation of costs for hand delivering a subpoena, deposing her three physicians, ordering expedited transcripts, and videotaping depositions. The Court addresses each objection in turn.

I.      Hand Delivery of Subpoena

Merriweather first objects to the cost of hand delivering the subpoena to one of her physicians. "A prevailing party may recover costs associated with service of summons and subpoenas, so long as it is clear what has been served and to whom, the service was necessary for the litigation, and the service costs do not exceed the fee that would be charged by the U.S. marshal service." *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 02 C 5893, 2014 WL 1097471, at *2 (N.D. Ill. Mar. 20, 2014) (citing *Collins v. Gorman*, 86 F.3d 1057 (7th Cir. 1996)). Merriweather first notes the lack of documentation for this cost beyond the line item in the invoice attached to the bill of costs. In response, Horizon supplies the specific invoice for service of the subpoena and the affidavit of service describing the name and originating address of the server, the name and address of the person who accepted service, and the time expended. R. 35-2, 35-3. Those documents provide sufficient support for the taxed cost.

Merriweather also notes that Horizon followed a different procedure for obtaining records from her other providers and for other plaintiffs in the MDL, namely sending providers a records request and a signed release. Horizon responds that it followed that procedure, but the physician in question failed to produce records in response to that request, thereby necessitating a subpoena. On that basis, the

4

Court finds that the cost of serving the subpoena was necessarily and reasonably incurred, and this objection is overruled.

    II.    Depositions of Treating Physicians

Merriweather next objects to the costs associated with deposing her three treating physicians. In her view, because the depositions did not inform the choice-of-law challenge that ultimately resulted in dismissal of her claims, Horizon did not need to conduct those depositions before the Court ruled on that motion. This argument lacks merit. "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court." *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (quoting *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995)). Horizon deposed the three physicians between the end of September and the end of October 2024. At that time, core fact discovery for all bellwether plaintiffs was set to close in three months or less, and Horizon did not know when or how the Court would rule on the motions to dismiss. The depositions of the three physicians were focused on Merriweather's medical conditions and treatment. Those issues were directly relevant to Horizon's liability and would have been the focus of any summary judgment motion and/or trial had the Court denied the motions to dismiss. As such, it was reasonably necessary for Horizon to take the depositions at that time.

Merriweather notes that her counsel inquired about whether Horizon's counsel would delay the depositions until after the Court ruled on the motions to dismiss, to which Horizon's counsel responded that the discovery schedule did not allow for the

5

same. *See* R. 35-1. Horizon had no obligation to reschedule the depositions in a way that contravened the discovery schedule. Indeed, Merriweather could have sought an amendment to that schedule or otherwise raised the issue with the Court, but she did not. Because the depositions were reasonably necessary at the time they were taken, Merriweather's objection to deposition-related costs is overruled.

### III. Expedited Deposition Transcripts

Merriweather also objects to the cost of expedited deposition transcripts. A prevailing party may not recover the cost of expedited transcripts unless it can show that "it was reasonable and necessary to order transcripts on an expedited basis." *Neuros Co. v. KTurbo, Inc.*, No. 08 C 5939, 2011 WL 3841683, at *2 (N.D. Ill. Aug. 25, 2011). In its bill of costs, Horizon stated that "expedited delivery [was] required to include case-dispositive testimony in dismissal demand and avoid further upcoming deposition expense." R. 28-1. Understanding the "dismissal demand" to refer to the motions to dismiss, Merriweather reiterates her argument that those motions were not informed by the physicians' deposition testimony. In response, Horizon explains that it deposed the three physicians on September 23, October 10, and October 24, 2024, and requested expedited transcripts for the first two depositions so that it could quickly evaluate the testimony and use it to prepare for each subsequent deposition.

The latter explanation differs from the former, but they are not mutually exclusive. Further, the record suggests that the use of transcripts to prepare for fast-approaching depositions was the driving concern. The "dismissal demand" letter was dated September 20, 2024, before any of the depositions had taken place. R. 35-1. And

6

Horizon did not request an expedited transcript for the final deposition, which is consistent with requesting expedited delivery only when needed to prepare for future provider depositions.

In light of the accelerated schedule for conducting the three depositions at issue, and the importance of each physician's testimony in preparing for the depositions of the others, Horizon's request for expedited processing of two transcripts was reasonable and necessary. *Cf. Yates v. City of Chicago*, No. 18 C 2613, 2021 WL 6063862, at *2 (N.D. Ill. Dec. 22, 2021), *aff'd sub nom. Yates v. City of Chicago, Illinois*, 58 F.4th 907 (7th Cir. 2023) (cost of expedited transcript was reasonable and necessary in order to prepare for two key depositions during the next week); *SP Techs., LLC v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *4 (N.D. Ill. Jan. 10, 2014) (cost of expedited transcripts was reasonable and necessary to enable counsel and experts to prepare for rebuttal depositions days later).

Merriweather also cites cases holding that the costs associated with delivering, shipping, or handling transcripts are not recoverable because they are "ordinary business expenses." *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003) (citing 6 JUDICIAL CONFERENCE OF THE U.S., GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL, Ch. 2, § 260.50.20); *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723, at *4 (N.D. Ill. Mar. 15, 2002). But those cases are about the recovery of costs for mailing and shipping transcripts, not the expedited processing of transcripts. Horizon did not seek, and the Clerk did not tax costs for shipping or mailing transcripts. *Cf. Rogers*, 2002 WL 423723, at *2, *4

7

(allowing cost of expedited transcripts but denying costs of delivery charges). Merriweather's objection to the cost of expedited transcripts is overruled.

IV. Videotaped Depositions

Merriweather further objects to the cost of videotaping the three physicians' depositions. Deposition videotaping costs may be taxed if they are reasonable and necessary. *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.*, No. 14 C 876, 2019 WL 3733443, at *2 (N.D. Ill. Aug. 8, 2019) (citing *Little*, 533 F.3d at 701-02). The standard for determining the reasonableness and necessity of videotaping depositions is the reach of the Court's subpoena power. *See id.* (citing cases). In this case, each of the physicians resides in eastern Michigan and is beyond the subpoena power of this Court. Accordingly, at the time of the depositions, Horizon reasonably anticipated that the providers would be unavailable to testify in person at trial—to the extent that the trial would take place in this district—and video recordings of their depositions would thus be necessary. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, No. 1:17-CV-01973, 2021 WL 3489813, at *4 (N.D. Ill. Aug. 6, 2021) (finding cost of video depositions reasonable where "it was unclear to [defendant] what witnesses would be available or whether video would be necessary at trial").

Merriweather focuses solely on the second explanation offered by Horizon in the bill of costs: that Horizon needed the video recordings for the October 31, 2024 hearing before Judge Weisman regarding improper deposition conduct. R. 28-1. The Court agrees that such an explanation, standing alone, would be insufficient to

support taxing this cost. Judge Weisman did not set that hearing until after all three physicians' depositions had been taken. CR. 244. But in light of Horizon's first explanation that the providers are beyond the Court's subpoena power, the Court overrules the objection to the cost of videotaping the depositions.

V.     Other Line Items

As a final matter, the Court exercises its discretion to deduct certain costs. First, the invoices for the depositions reflect a $209 fee for "Veritext Virtual Primary Participants" for each of the three depositions. Horizon offers no explanation of what this charge is or why it was reasonable and necessary to this litigation. *E.g.*, *Washington Cnty. Water Co., Inc. v. City of Sparta*, No. 3:20-CV-1052-NJR, 2024 WL 128819, at *3 (S.D. Ill. Jan. 11, 2024) (deducting cost of Veritext Virtual Primary Participants where defendant offered no explanation as to why the service was reasonable or necessary for depositions). Second, the invoice for one of the depositions reflects a $195.50 fee for a rough draft of the transcript, in addition to the $300.90 charge for expedited processing of the same transcript. Horizon does not explain why it needed both a rough draft and expedited processing of the same transcript. *Cf. Synnott v. Bergermeister*, No. 16 C 9098, 2022 WL 3444961, at *2 (N.D. Ill. June 13, 2022) (disallowing cost of rough draft because it was for the same transcript as a later order which was part of taxed costs). Although Merriweather did not raise line-item objections to these costs, the Court finds that Horizon has not met its burden of showing the costs are reasonable and necessary and thus reduces the award of costs by $822.50.

**Conclusion**

For the foregoing reasons, the Court overrules Merriweather's objections to the taxed costs but, in its discretion, reduces the cost award to $6,986.47.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: May 6, 2025